406 F.Supp. 806 (1975)
SECURITIES AND EXCHANGE COMMISSION, Plaintiff,
Securities Investor Protection Corporation, Applicant,
v.
WHITE & COMPANY, INC., and Edward A. White, Defendants.
MANUFACTURERS HANOVER TRUST COMPANY, Claimant,
v.
Hugh S. HAUCK, Trustee.
No. 72 C 185(2).
United States District Court, E. D. Missouri, E. D.
December 8, 1975.
John I. Mayer, Securities & Exchange Com., St. Louis, Mo., James S. Armstrong, Jr., Washington, D. C., for plaintiff.
Richard L. Ross, Hugh S. Hauck, Trustee, Ronald L. Rothman, Clayton, Mo., Harry O. Moline, Jr., St. Louis, Mo., Hamilton Baneshares, Chattanooga, Tenn., Robt. J. Sharfman, Chicago, Ill., for defendants.

MEMORANDUM AND ORDER
REGAN, District Judge.
This is an appeal from the order of the Bankruptcy Judge approving the disallowance by the Trustee of the claim of Manufacturers Hanover Trust Company as a "customer" claim within the meaning of the Securities Investor Protection Act of 1970. In his order, the Bankruptcy Judge allowed the claim, but only as a general, unsecured claim.
The facts have been stipulated. The Bank, as agent for the trustee of Industrial Growth Fund, a mutual fund, was authorized to accept delivery of securities purchased by it through debtor and to pay debtor for such securities. In June, 1969, the Fund purchased through *807 debtor 2,800 shares of Philips Industries stock. These shares, accompanied by confirmations and statements, were delivered to Bank which paid debtor the full invoice price. As it happened, Philips Industries had theretofore declared a two-for-one stock split, so that the fund was actually entitled to receive 5,600 shares. Along with the 2,800 shares, debtor also delivered an additional 700 shares, so that the debtor still owed the fund another 2,100 shares. In August, 1969, debtor delivered to the Bank an additional 2,400 shares (300 more than were owed to the Bank) together with duplicate copies of the original (June) confirmations and statement. Through an error, the Bank paid not only for the 300 extra shares, but for the 2,100 shares to which the Fund was entitled without payment. Prior to the filing date of this liquidation proceeding, the Bank demanded the return of the overpayment, but without success.
A claim for the overpayment together with interest to the filing date (less the value of the extra 300 shares) was filed by the Bank on behalf of Capital Growth Company, S.A. (successor in interest to Industrial Growth Fund). Shortly thereafter, the Bank entered into a settlement agreement with the Fund, whereby, for monetary considerations, all the Fund's rights of action arising out of the erroneous payment by the Bank were transferred to the Bank.
The Bank does not contend that it was a "customer" in its own right. It bases its claim on the asserted rights of the Fund which have been assigned to the Bank.
Section 78fff(c)(2)(A)(ii), 15 U.S.C., defines the term "customers" as meaning, inter alia, persons who have claims on account of securities received, acquired, or held by the debtor from or for the account of such persons, pursuant to purchases, including persons whose claims arise out of sales or conversions of such securities and any person who has deposited cash with the debtor for the purpose of purchasing securities.
The appeal presents solely a question of law. Bankruptcy Judge Brauer rejected the Bank's contentions that the Fund is a "person who has deposited cash with the debtor for the purpose of purchasing securities," that the claim is one "on account of securities," and that the claim is one "arising out of sales . . . of such securities," within the meaning of the statutory definition of "customer." The claim does not involve securities held by the debtor. The money was not paid by the Bank for the purpose of purchasing securities or pursuant to purchases of securities. The claim arises from an erroneous payment (not deposit) of cash, the return of which was demanded long prior to the "filing date" of this proceeding. Upon careful consideration of all the facts and the exhaustive memoranda filed by the parties, we are convinced that the order of the Bankruptcy Judge was correct and should be affirmed. An order will be entered accordingly.